**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| NORTHWOODS HEATING & COOLING, LLC, | Case No.: 21-cv-484 |
| Plaintiff, | **PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS** |
| v. | |
| NORTHWOODS HEATING & AIR CONDITIONING, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

On May 9, 2022, this Court granted Plaintiff's motion to compel discovery from

Defendant, including the production of business records pursuant to numerous document

requests.  (Dkt. 22.)  Since then, despite several requests from Plaintiff, Defendant has

failed to produce (1) a single business record corroborating its claim that it began using

its name in commerce before Plaintiff began using its federally-registered trademarked

name; or documents from which Defendants profits can be determined.  Defendant is thus

in violation of the order.

## ARGUMENT

**A. Defendant has Failed to Produce Responsive Documents Covered by the Court's May 9th Order.**

Since the Court's May 9th order, Plaintiff has asked Defendant several times to

produce the documents, which would include copies of quotes or bids, invoices, evidence

of payment (checks, credit card statements, etc.), or anything else to corroborate

Defendant's claim that it started using its business name in commerce before Plaintiff

1

began using its trademarked name.  (Declaration of Jeffer Ali in Support of Motion for

Sanctions ("Ali Decl."), ¶¶ 3-9 and Exs. A-E.)  Defendant's Affirmative Defense 12, for

example, states that "Plaintiff's claims are barred because Defendant is a prior and

superior user of the mark."  (Dkt. 6, at 2.)  Defendant's two counterclaims rely on

Defendant's assertion that it began using its name before Plaintiff began using its

business name.  (*Id.* at 2-4.)  Plaintiff has also asked Defendant to produce documents

relating to Defendant sales and profits, Ali Decl., ¶¶ 10-11, since disgorgement of profits

is one measure of damages for a Lanham Act violation.  *Romag Fasteners, Inc. v. Fossil,*

*Inc.*, 590 U.S. __, 140 S.Ct. 1492 (2020).

### B. Defendant Has Failed to Produce Any Electronic Records Purporting to Show it Doing Business.

Despite the Court's order, Defendant has not produced a single document

furnished to a customer of Defendant or received from a customer of Defendant since

Defendant has claimed to start doing business under its business name[1].  (Ali Decl., ¶ 3.)

Defendant claims it has no paper documents whatsoever in this regard.  (Ali Decl.,

¶ 6.)  However, Defendant has refused to unequivocally state whether it has any

responsive documents stored electronically.  (Ali Decl., ¶¶ 7-9.)

On Wednesday, July 27, 2022, Plaintiff asked during one last meet and confer

whether Defendant claims it has no electronic records of any of these documents.  (Ali

Decl., ¶ 7) Defendant's counsel responded that the principal of Defendant is not

---

[1] Defendant at one point over the last several weeks raised the issue of a proposed protective order as being in dispute. See Ali Declaration, Exhibit D at ¶2. As Plaintiff has advised Defendant, Plaintiff has no objection to the entry of a protective order; Plaintiff sent proposed red lines to a draft protective order to Defendant and has not received any response to its proposed redlines. *Id.*

technologically savvy and that he is just a "guy with a bucket of tools and two vans," Ali

Decl., ¶ 7, apparently intending to imply that Defendant does not know how to retrieve

electronic records.  When asked if Defendant has any e-mails that would be responsive,

Defendant's counsel responded that he imagines that Defendant may in fact possess such

e-mails but that his client just has not furnished them to him.  (Ali Decl., ¶ 7.)  Plaintiff

followed up with written correspondence that Plaintiff was requesting an unequivocal

response as to whether any electronic records existed.  (Ali Decl., ¶ 8 and Ex. A.)

Defendant has not responded.  (Ali Decl., ¶ 9.)

> The Court's order states that:

> If defendant actually has no additional information to provide in response
> to a particular discovery request, then it is obliged to make that clear:  a
> party in a civil lawsuit is entitled to have unequivocal up-to-date responses
> to its interrogatories and RFPs before depositions begin.

(Dkt. 22.)

Inconceivable as it may seem that a business that claims to have done business for

more than two years does not have a single document in its possession that it has

provided to a customer or that a customer has provided to it. But if this is Defendant's

position, Plaintiff is entitled to know.

Under Fed. R. Civ. P. 37(b), a court has a variety of means to sanction a party who

violates a court order, including striking pleadings in whole or in part. Because the

discovery being sought by Plaintiff goes directly to Defendant's affirmative defense of

prior name use and its two putative counterclaims, Plaintiff respectfully requests that

Defendant's Affirmative Defense 12 and its counterclaims be stricken for failure to

comply with the Court's prior order.

### C.  Defendant Has Failed to Produce Documents Showing its Profits.

Plaintiff has asked Defendant several times to produce "[a]ll documents that summarize the sales, income, receipts, profits, losses, capital expenditures, licensing fees, investments and equipment, materials, and inventory, capitalization and financing of Defendant's products and services," which is covered by Plaintiff's Request for Production No. 14.  (Ali Decl., ¶ 10.)  After being ordered to produce documents responsive to that request, Defendant produced only a limited batch of invoices from third-party vendors (no documents provided to or received from customers) and two Schedule C tax documents.  (*Id.*)

On July 28, 2022, and in response to an entirely different set of requests for production, Defendant produced 17 bank statements.  (Ali Decl., ¶ 11.)  But those bank statements do not show Defendant's profits of provide information from which the profits can be discerned. (*Id.*)

Accordingly, Plaintiff requests that the Court order Defendant to produce records from which its profits can be determined.

### D.  Plaintiff Requests its Fees in Connection with this Motion.

Pursuant to this Court's pre-trial order, Plaintiff respectfully requests that Defendant be ordered to pay Plaintiff's attorney fees in writing Defendant before the various meet and confers, time spend in the meet and confers, in the filing of this motion.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that its motion be granted.


Dated: August 1, 2022

By: */s/ Jeffer Ali*
Jeffer Ali (#0247947)
**PATTERSON THUENTE PEDERSEN, P.A.**
4800 IDS Center
80 S. 8th Street
Minneapolis, MN 55402-2100
Phone: 612-349-3004
Fax: 612-349-9266
ali@ptslaw.com

***Attorneys for Plaintiff Northwoods Heating &
Cooling, LLC***